```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

MIGUEL DURAN,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )   1:09CV663
                                 )
ROCKINGHAM COUNTY BOARD OF       )
EDUCATION,                       )
                                 )
            Defendant.           )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion for Summary Judgment (Docket Entry 18). (See Docket Entry dated Sept. 10, 2010.) For reasons that follow, said Motion should be granted.

PROCEDURAL HISTORY

Plaintiff filed a Complaint in state court alleging that Defendant, "by and through its duly authorized agents," violated Title VII of the Civil Rights Act of 1964 ("Title VII") by engaging in "national origin and racial discrimination, creation of a hostile environment, and subsequent termination of Plaintiff's employment" and violated the Age Discrimination in Employment Act ("the ADEA") by "wrongfully terminating [his] employment, creating a hostile work environment, and failing to provide other opportunities for Plaintiff[.]" (Docket Entry 3 at 1-3.) Defendant removed the case to this Court. (Docket Entry 1.)

After the completion of discovery, Defendant moved for summary judgment "on the grounds that the Plaintiff's evidence fails to raise a genuine issue as to any material fact to preclude judgment

in favor of Defendant and that Defendant is entitled to judgment in its favor on all claims as a matter of law." (Docket Entry 18 at 1.) In support of said Motion, Defendant attached a declaration from Assistant Principal Lamont Dixon, who described himself as "a supervisor of [Plaintiff] and a key decision-maker in his hiring and firing" (Docket Entry 18-2 at 3), and excerpts from Plaintiff's deposition (Docket Entry 18-3). Plaintiff responded that "[m]aterial issues of fact exist with respect to the discriminatory termination of Plaintiff's employment . . . and filed a brief in opposition to the [summary judgment] motion which further explained his position." (Docket Entry 22 at 1 (referencing Docket Entry 23).) Plaintiff attached excerpts of his deposition and documents regarding his qualifications to his response brief. (Docket Entries 23-1, 23-2.) Defendant filed a reply. (Docket Entry 24.)

FACTUAL BACKGROUND[1]

In the fall of 2006, Defendant (with input from Assistant Principal Dixon) hired Plaintiff (a native of Spain born in 1934) as a substitute pre-algebra teacher at Reidsville High School ("RHS"). Assistant Principal Dixon reported that, during the remainder of the fall semester, he observed Plaintiff failing to

---

[1] As set out below in the Discussion section, at this stage of the proceedings, the facts must be derived by viewing the record evidence in the light most favorable to Plaintiff. In responding to the instant Motion, Plaintiff acknowledged that he and Defendant "are in agreement as to many facts as stated in Defendant's brief" and therefore declined to set out a comprehensive factual summary in favor of highlighting "a few additional facts [that] should be brought to the Court's attention." (Docket Entry 23 at 2.) Accordingly, in this section and in the Discussion section, the undersigned Magistrate Judge will draw the relevant facts from Defendant's summary of the record, as well as the portions of the record specifically identified by Plaintiff.

maintain proper classroom control and to engage students in appropriate learning. Nonetheless, Defendant (with Assistant Principal Dixon's input) allowed Plaintiff to remain at RHS for the spring semester as a substitute teacher in his field of specialty, Spanish. According to a detailed affidavit from Assistant Principal Dixon, Plaintiff's shortcomings as a teacher continued, including as manifested by the excessive number of students he sent to in-school suspension and by the inadequate manner in which he kept up with student work and his grade-book. Defendant terminated Plaintiff's employment in May 2007.

## DISCUSSION

### Summary Judgment Standard

"Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)). In making this determination, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Accord Matvia v. Bald Head Island Mgt., Inc., 259 F.3d 261, 266 (4th Cir. 2001) ("The court must consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from the facts in the non-movant's favor.").

"[T]here is no burden upon 'the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact.' Rather, 'the burden on the moving party may be discharged by "showing" – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)) (internal emphasis omitted). Conversely, "[t]he party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but 'must come forward with specific facts showing that there is a genuine issue for trial.'" Emmett, 532 F.3d at 297 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). See also Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.").

<u>Discriminatory Firing Standard</u>

As set out in the Procedural History section, although Plaintiff initially alleged national origin, race, and age discrimination somewhat generally and in the specific form of a hostile work environment and discriminatory firing, his summary judgment response reflects that Plaintiff now asserts only that a material factual dispute exists as to national origin, race, and age discrimination in relation to the termination of his

employment.[2]  To establish that such adverse action arose from discrimination, a plaintiff may proceed "in one of two ways. First, he may present direct evidence of his superiors' discriminatory intent.  Second, he may attempt to satisfy the test specified in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), which allows him to raise an inference of discriminatory intent by showing that he was treated worse than similarly situated employees of other [relevant groups]." Sterling v. Tenet, 416 F.3d 338, 345 (2005) (internal parallel citations omitted).[3]

"[U]nder the burden-shifting framework set forth in [McDonnell Douglas] and its progeny," Merritt v. Old Dominion Freight Line, Inc., 601 F.3d 289, 294 (4th Cir. 2010):

> [A] plaintiff first must make out a prima facie case of discrimination.  The burden of production then shifts to the employer to articulate a legitimate, non-discriminatory justification for its allegedly discriminatory action.  Finally, if the employer carries this burden, the plaintiff then has an opportunity to prove by a preponderance of the evidence that the neutral reasons offered by the employer were not its true reasons, but were a pretext for discrimination.  The final pretext inquiry merges with the ultimate burden of persuading the court that the plaintiff has been the victim of intentional discrimination, which at all times remains with the plaintiff.

Id. (internal brackets, citations, and quotation marks omitted).

---

[2] Nor does the record support a hostile work environment claim; such claims require a showing of a "'workplace permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Jordan v. Alternative Res. Corp., 458 F.3d 332, 339 (4th Cir. 2006) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

[3] Although recognition of these dual methods of proof first arose in the Title VII context, the same standards apply under the ADEA.  See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (en banc).

Application of the Foregoing Standards to this Case

Plaintiff does not argue that he presented sufficient direct evidence of discrimination to avoid summary judgment, but instead contends that the case should proceed to a jury under the McDonnell Douglas burden-shifting theory. (See Docket Entry 23 at 3-8.) Under this approach, "a plaintiff first must make out a prima facie case of discrimination." Merritt, 601 F.3d at 294. In this context, "[t]o demonstrate the prima facie case . . ., the plaintiff must show that (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc).

Focusing on the third element of this prima facie case, Defendant argues that Plaintiff has failed to "meet his burden of proving that he was meeting the legitimate expectations of [Defendant] and, therefore, [Defendant] is entitled to summary judgment." (Docket Entry 19 at 13.) In this regard, Defendant points to the detailed declaration from Assistant Principal Dixon documenting numerous deficiencies in Plaintiff's performance as a teacher. (See id. at 2-5, 12-13.) In the face of this record evidence, Plaintiff presents the following response, based on his own testimony: "Given that he did plan, attend, and teach the Spanish class he was hired to teach, clearly, Plaintiff performed

adequately, and thus was qualified for the position." (Docket Entry 23 at 3.)[4] Controlling authority requires entry of summary judgment in Defendant's favor under these circumstances; specifically, the United States Court of Appeals for the Fourth Circuit has affirmed the granting of summary judgment for a defendant-school due to a plaintiff-teacher's failure to satisfy the third element of his prima facie case, as follows:

> [The defendant] offered substantial evidence that [the plaintiff] was not in fact meeting legitimate job performance expectations, chronicling in detail [the plaintiff's] poor performance and his supervisors' numerous concerns. [The plaintiff's] response to [the defendant's] evidence is limited to his own claim of satisfactory job performance . . . .
>
> [The plaintiff's] own testimony, of course, cannot establish a genuine issue as to whether [he] was meeting [the defendant's] expectations.

King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003).[5]

## CONCLUSION

For the foregoing reasons, Defendant "'is entitled to a judgment as a matter of law.'" Emmett, 532 F.3d at 297 (quoting Fed. R. Civ. P. 56(c)).

---

[4] Plaintiff also asserts that he "had a long history of teaching on many grade levels and performed said positions with distinction" (Docket Entry 23 at 3); however, this statement sheds no light on whether he met Defendant's reasonable expectations during the relevant time period.

[5] To the extent Plaintiff seeks to make out a national origin and/or race discrimination claim under state law (see Docket Entry 3 at 2 ("The conduct of Defendant, as alleged herein, not only violates Title VII . . ., but also violates the public policy of the State of North Carolina and North Carolina General Statutes Section 143-422.1 et seq."), such claims similarly fail as a matter of law. See Hughes v. Bedsole, 48 F.3d 1376, 1383 (4th Cir. 1995) (noting that North Carolina Supreme Court has ruled that Title VII standards apply to discrimination claims under North Carolina law).

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion for Summary Judgment (Docket Entry 18) be **GRANTED.**

                                              /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                      **United States Magistrate Judge**

November 12, 2010